UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRACY F.,[1] | Case No. 1:22-cv-00233-DCN-DKG |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| MARTIN J. O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[2] | |
| Defendant. | |

## I. INTRODUCTION

On October 23, 2019, Plaintiff Tracy F. ("Plaintiff") protectively filed a Title II application for a period of disability and disability insurance benefits, alleging various physical and mental impairments beginning August 1, 2017, including: torn annular protrusion, fibromyalgia, celiac disease, PTSD, Reynaud's disease, and Hashimoto's disease. Plaintiff's application was denied upon initial review on February 5, 2020, and again upon reconsideration on June 8, 2020. On January 14, 2021, a hearing was conducted before Administrative Law Judge Wynne O'Brien-Persons (hereinafter the "ALJ"). During

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Martin J. O'Malley was sworn in as Commissioner of the Social Security Administration ("SSA") on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. O'Malley is substituted as the Defendant in this suit.

that hearing, Plaintiff amended her alleged onset date to April 4, 2020.

On April 14, 2021, the ALJ issued a written decision finding Plaintiff had not been under a disability since April 4, 2020. Plaintiff appealed the ALJ's decision and submitted additional evidence to the Appeals Council. The Appeals Council denied Plaintiff's request for review on March 30, 2022, making the ALJ's decision the final determination of the Commissioner.

With her administrative remedies exhausted, Plaintiff timely filed this action on June 2, 2022, seeking judicial review of the ALJ's final decision.[3] Dkt. 1. On July 26, 2023, United States Magistrate Judge Debora K. Grasham ("Judge Grasham")[4] issued a Report and Recommendation recommending that: (1) the decision of the Commissioner be affirmed; and (2) Judgment be entered in favor of the Commissioner. Dkt. 22, at 38. Pursuant to statute, Judge Grasham gave the parties fourteen days to file written objections to the Report. *Id.* (citing 8 U.S.C. § 636(b)(1) and District of Idaho Local Civil Rule 72.1(b)).

Plaintiff filed an Objection to the Report (Dkt. 25) and the Commissioner filed a Response to Plaintiff's Objection (Dkt. 29). The matter is now ripe for the Court's review. For the reasons set forth below, Plaintiff's objections are sustained in part and overruled in part.

---

[3] Shortly after filing her Memorandum of Law in Support of Social Security Appeal ("Memorandum") (Dkt. 15), Plaintiff filed an unopposed Motion to Amend her Memorandum in order to add the Bates Numbers for all citations to the AR. The corrected Memorandum is Dkt. 16-1 in the record.

[4] In accordance with District of Idaho General Order 359 and 28 U.S.C. § 636(b)(1)(B), this matter was referred to Judge Grasham on June 27, 2022. Dkt. 7.

## II. LEGAL STANDARD

In the context of social security appeals, a court's role in reviewing an ALJ's final decision is to ensure that it is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992) (The final decision "to deny benefits will be overturned only if it is not supported by substantial evidence or it is based on legal error."). Judge Grasham's Report and Recommendation (hereinafter "Report") articulates the appropriate standard of judicial review for such cases,[5] as well as the sequential process for the determination of whether an individual is disabled.[6] Dkt. 22, at 2–6.

---

[5] The Court incorporates this standard of review by reference. Dkt. 22, at 5–6.

[6] Disability claims are evaluated under a five-step sequential procedure. *See* 20 C.F.R. § 404.1520(a)(1). At step one, the ALJ determines whether the claimant is working in a substantially gainful activity. If the claimant is working in a substantially gainful activity, he or she is "not disabled" within the meaning of the Social Security Act and the disability inquiry ends. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not working in a substantially gainful activity, the inquiry proceeds to step two. At step two, the ALJ assesses whether the claimant's impairment is severe. If the claimant does not have any severe medically determinable impairments that meet the duration requirement, or a combination of impairments that is severe and meets the duration requirement, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant's impairment(s) are severe and meet the duration requirement, then the evaluation proceeds to step three. *Id*. At step three, the ALJ considers whether the claimant's impairment(s) meets or equals one of a list of specific impairments described in the regulations. 20 C.F.R. § 404.1520(d). "If so, the claimant is disabled and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (cleaned up). At step four, the ALJ ascertains whether the claimant is able to do any work that the claimant had done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). The ALJ uses a residual functional capacity ("RFC") assessment to make this determination. 20 C.F.R. § 404.1520(e). If a claimant's impairments do not prevent the claimant from doing past relevant work, the claimant is not disabled. 20 C.F.R. § 404.1520(4)(iv). If the claimant is not able to do any work that he or she had done in the past, then the claimant's case cannot be resolved at step four and the inquiry proceeds to step five. 20 C.F.R. § 404.1520(g). Finally, at step five, the ALJ uses the claimant's RFC assessment to consider whether the claimant can adjust to other work. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant cannot do any other work, the claimant is disabled. 20 C.F.R. § 404.1520(g)(1). "If the claimant is able to do other work, then the Commissioner must establish there are a significant number of jobs in the national economy that the

(Continued)

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where, as here, the parties object to a report and recommendation, the Court "shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

### III. DISCUSSION

Plaintiff contends Judge Grasham erred in holding: (1) although the ALJ failed to adequately address supportability in evaluating the persuasiveness of various medical opinions, such error was harmless because substantial evidence supported the ALJ's consistency finding with respect to such opinions; (2) the ALJ's failure to include some discussion of Plaintiff's mental impairments in fashioning Plaintiff's RFC was harmless because the ALJ's finding that Plaintiff's mental impairments were non-severe was supported by substantial evidence in the record at step two of the sequential process; and (3) the ALJ adequately addressed Plaintiff's subjective complaints stemming from her fibromyalgia. Dkt. 22. The Court has reviewed the Report de novo in light of these objections. In addition, the Court has conducted a de novo review of the administrative record, the ALJ's decision, and the complete record in this case.

---

claimant can do." *Lounsburry*, 469 F.3d at 1114 (cleaned up). If the Commissioner cannot establish there are a significant number of jobs in the national economy that the claimant can do, then the claimant is disabled and is therefore entitled to disability benefits. *Id.* (citations omitted).

### A. Supportability and Consistency

When evaluating medical opinion evidence, an ALJ considers the persuasiveness of an opinion based on supportability, consistency, relationship with the claimant, specialization, and other factors such as the provider's familiarity with other evidence in the record or with the disability program requirements.[7] 20 C.F.R. § 404.1520c(c)(1)–(5). The most important factors in the evaluation process are supportability and consistency.[8] 20 C.F.R. § 404.1520c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (cleaned up). "The supportability factor looks inward at the medical opinion's bases; the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s), the more persuasive the medical opinions will be." *Tina B. v. Kijakazi*, 2022 WL 3691510, at \*8 (D. Idaho Aug. 1, 2022) (cleaned up). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R.

---

[7] In 2017, the SSA published revised regulations regarding the evaluation of medical opinion evidence. 20 C.F.R. 404.1520c (effective March 27, 2017). Under the new regulations, an ALJ is no longer required to weigh medical opinions based on the extent of the provider's relationship with the claimant. 20 C.F.R. 404.1520c(a). Instead, an ALJ must evaluate the persuasiveness of the medical opinion based on consistency, supportability, and, if necessary, the other factors identified in 20 C.F.R. § 404.1520c(c)(3)–(5). The new regulations are applicable in this case because Plaintiff filed her application in 2019.

[8] An ALJ is required to articulate findings regarding a provider's relationship with the claimant, specialization, or other factors only where "two or more medical opinions or prior administrative medical findings about the same issue" are dissimilar, and both are "equally well-supported [and] consistent with the record." 20 C.F.R. § 404.1520c(b)(2)–(3). Plaintiff does not suggest the ALJ should have considered any factors other than supportability and consistency in this case. Dkt. 25, at 1–2.

404.1520c(c)(2)). The consistency factor "looks outward, comparing the opinion to the other evidence in the record; "[t]he more consistent a medical opinion(s). . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s)'" will be. *Tina B*., 2022 WL 3691510 at *8 (quoting 20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2)).

An ALJ must articulate how persuasive she finds "all of the medical opinions" in a claimant's case record, and to explain how the supportability and consistency factors were considered in making this determination. 20 C.F.R. §§ 404.1520c(b), (b)(2). In fact, consideration of supportability and consistency is mandatory, as the regulations specifically state that in making any disability determination, "we *will* explain how we considered the supportability and consistency factors for a medical source's medical opinions. . . in your determination or decision." 20 C.F.R. § 404.1520c(b)(2) (emphasis added); *see also Finney v. Kijakazi*, 2022 WL 17830000, at *2 (9th Cir. Dec. 21, 2022) (unpublished) (holding an ALJ "must" explain how the supportability and consistency factors were considered in assessing a medical opinion's persuasiveness). An ALJ's ultimate conclusion regarding the persuasiveness of a medical opinion must be supported by substantial evidence. *Woods*, 32 F.4th at 792.

In this case, the ALJ considered the medical opinions of three providers regarding Plaintiff's mental impairments: (1) State Disability Determinations Service mental health consultant Dave Sanford, PhD; (2) State Disability Determinations Service mental health consultant Michael Dennis, PhD; and (3) Gretchen Gayle, PMHNP ("NP Gayle"). The ALJ determined the opinion of Dr. Sanford—finding Plaintiff has mild mental impairments—

was persuasive. While Dr. Dennis instead found Plaintiff has mild to moderate mental impairments, and NP Gayle determined Plaintiff has moderate to marked mental impairments, the ALJ rejected such opinions as unpersuasive.

In reviewing the ALJ's Decision, Judge Grasham held that while, in evaluating the opinions of Dr. Sanford, Dr. Dennis, and NP Gayle, the ALJ used the terms "supportability" and "consistency" as required, "the ALJ's supportability analysis substantively addresses the factor of consistency, not supportability, as it evaluates each medical opinion based on its consistency with medical records not specifically addressed by that physician." Dkt. 22, at 14. As such, Judge Grasham held the ALJ erred in failing to adequately assess the supportability factor. *Id*. However, Judge Grasham determined such error was harmless because substantial evidence supported the ALJ's consistency assessment with respect to all three providers.[9] *Id*. at 14–18, 20–21.

Plaintiff does not challenge Judge Grasham's finding that substantial evidence supported the ALJ's consistency analysis. Dkt. 25, at 1–2. Instead, Plaintiff argues an ALJ must consider both supportability and consistency, and that the issues related to supportability in this case were not so clear as to permit an implication of consideration sufficient to proceed to the consistency analysis. *Id*. at 2. The Court sustains Plaintiff's objection with respect to Dr. Sanford, but disagrees with Plaintiff with respect to Dr. Dennis and NP Gayle. Crucially, while the ALJ could reject Dr. Dennis and NP Gayle's opinions as unpersuasive solely because they were inconsistent, the ALJ was required to

---

[9] An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (citation omitted).

find Dr. Sanford's opinion was both supported and consistent in order to find it persuasive. Thus, while the ALJ's error in failing to address supportability with respect to Dr. Dennis and NP Gayle was harmless, the ALJ's error in failing to address supportability with respect to Dr. Sanford was not inconsequential to the ultimate non-disability determination and cannot be considered harmless. *Ford*, 950 F.3d at 1154.

In publishing the revised regulations, the SSA recognized that a "medical opinion *without supporting evidence*, *or one that is inconsistent with evidence from other sources*, *will not be persuasive* regardless of who made the medical opinion." 82 Fed. Reg. 5844, 5854 (Jan. 18, 2017) (emphasis added). Thus, a medical opinion is unpersuasive if it is either unsupported by, or inconsistent with, the record. *Woods*, 32 F.4th at 792–793. In *Woods*, the ALJ found a medical opinion was unpersuasive "because it was inconsistent with the overall treating notes and mental status exams in the record." *Id*. at 793, 793 n.4. The Ninth Circuit recognized that while the ALJ had used the word "support" in evaluating the consistency factor, "the ALJ plainly did not intend to make a supportability finding." *Id*. at 793 n.4. Regardless, the Ninth Circuit held the ALJ's inconsistency finding was supported by substantial evidence and was thus sufficient for the ALJ to find a medical opinion unpersuasive. *Id*. at 792–793.

As the Commissioner highlights, numerous district court from across the Ninth Circuit have held an ALJ's failure to consider the supportability factor constitutes harmless error where, as here, substantial evidence supports the ALJ's inconsistency finding. Dkt. 29, at 2–3. For instance, in *Joseph F. v. Kijakazi*, 2022 WL 17903079, at *5–6 (C.D. Cal. Oct. 11, 2022), the court found the ALJ failed to articulate any reason to find an opinion

unsupported when rejecting one provider's opinion, and that the reason the ALJ gave for finding another provider's opinion unsupported lacked substantial evidence. However, because substantial evidence supported the ALJ's inconsistency determination with respect to both providers, the court held "[u]nder *Woods*, this alone suffices for the ALJ to conclude that each opinion was unpersuasive." *Id*. at *7.

Similarly, in *Thompson v. Comm'r of Soc. Sec.*, the court held "[e]ven though the ALJ erred in consideration of supportability, he properly rejected the opinion based on consistency." 2022 WL 3098039, at *6 (D. Ariz. Aug. 4, 2022); *see also Tara B. v. Comm'r of Soc. Sec.*, 2023 WL 4946573, at *5 (W.D. Wash. Aug. 3, 2023) ("Under *Woods*, the ALJ's finding that Dr. Widlan's opinion is inconsistent with the longitudinal record *itself* provides a sufficient basis for the ALJ to conclude that the opinion was unpersuasive.") (emphasis added). Further, in *Allen v. Kijakazi*, 2023 WL 2728857, at *1 (9th Cir. Mar. 31, 2023) (unpublished), the Ninth Circuit held an ALJ appropriately deemed a provider's opinion unpersuasive—although the opinion *was* supported by substantial evidence— because the opinion was inconsistent with other medical evidence in the record. Thus, provided an ALJ provides an explanation supported by substantial evidence, the ALJ can deem a medical opinion unpersuasive solely because it is either inconsistent or unsupported. *Id.; Woods*, 32 F.4th at 792.

Because it is undisputed that substantial evidence justified the ALJ's inconsistency determination with respect to Dr. Dennis and NP Gayle, and because the ALJ determined such opinions were thus unpersuasive, Judge Grasham correctly held the ALJ's error in failing to adequately address supportability was harmless with respect to such providers.

*Woods*, 32 F.4th at 792 ("An ALJ cannot reject an examining or treating doctor's opinion as unsupported *or* inconsistent without providing an explanation supported by substantial evidence.") (emphasis added). Plaintiff's first objection is thus overruled with respect to Dr. Dennis and NP Gayle.

The same cannot be said for the ALJ's determination with respect to Dr. Sanford. That is, because the ALJ determined Dr. Sanford's opinion was persuasive, the ALJ was required to find Dr. Sanford's opinion was both supported *and* consistent. 20 C.F.R. § 404.1520c(b)(2). The Ninth Circuit's holdings in *Woods* and *Allen* illustrate this principal. Specifically, in both cases, there was no dispute that the medical opinion at issue was supported. *Woods*, 32 F.4th at 793 n.4 ("Dr. Causeya supported her opinion with 'relevant objective medical evidence and supporting explanations'. . . and the ALJ did not suggest otherwise.") (quoting 20 C.F.R. § 404.1520c(c)(1)); *Allen*, 2023 WL 2728857, at *1 (explaining Dr. Gritzka's opinion "was supported by examination notes."). Although the medical opinions at issue in *Woods* and *Allen* were both supported, the Ninth Circuit held the ALJ appropriately rejected such opinions as unpersuasive because such opinions were inconsistent with the record. *Woods*, 32 F.4th at 793–94 (holding the ALJ reasonably deemed Dr. Causeya's opinion unpersuasive "because it was inconsistent with the overall treating notes and mental status exams in the record"); *Allen*, 2023 WL 2728857, at *1 ("As required, the ALJ considered both the 'supportability' and 'consistency' of Dr. Gritzka's opinion . . . finding it unpersuasive because while the opinion was supported by examination notes, it was 'not consistent with the longitudinal evidence of record.'"). If an ALJ can reject a medical opinion as unpersuasive if it is supported but inconsistent, it

follows that a medical opinion must be both supported and consistent for an ALJ to accept it as persuasive. As the SSA has explained, an ALJ can find a medical opinion "is not well-supported *or* is inconsistent with the other evidence and give it little weight," or may find a medical opinion "is supported *and* consistent and entitled to great weight." 82 Fed. Reg. at 5853 (emphasis added).[10]

As Judge Grasham held, the ALJ erred by failing to adequately discuss the supportability factor in evaluating the medical opinions of Dr. Sanford, Dr. Dennis, and NP Gayle. Dkt. 22, at 20–21. Because substantial evidence supported the ALJ's inconsistency finding with respect to Dr. Dennis and NP Gayle's opinions, the ALJ's error in failing to address the supportability factor was harmless with respect to such opinions. However, the ALJ's error in failing to address supportability was not harmless with respect to Dr. Sanford since the ALJ could not deem Dr. Sanford's opinion persuasive unless it was both supported and consistent. The Court accordingly sustains Plaintiff's first objection with respect to Dr. Sanford and remands for further proceedings.

On remand, the ALJ should reconsider Dr. Sanford's medical opinion, along with all relevant medical opinion evidence, and adequately address the supportability and consistency factors with respect to each opinion. 20 C.F.R. § 404.1520c(b), (b)(2).

**B**. **Consideration of Plaintiff's Mental Impairments**

Plaintiff next contends the ALJ failed to account for Plaintiff's non-severe mental

---

[10] A District of Oregon court recently held: "An ALJ must *consider* both supportability and consistency in the first instance, even if the ALJ may reject the opinion for lack of either one. This is true not only because regulations and Ninth Circuit precedent say so, but also for the intuitive reason that both factors are crucial to determining whether a medical opinion is persuasive." *Jennifer M. v. Comm'r Soc. Sec. Admin.*, 2024 WL 1070627, at *7 n.4 (D. Ore. Mar. 12, 2024) (emphasis in original).

impairments in formulating Plaintiff's RFC, and that Judge Grasham erred in finding such failure was harmless.

An RFC is a claimant's ability to do physical and mental work activities on a sustained basis despite limitations caused by his or her impairments. 20 C.F.R. §§ 404.1545(a)(1). Essentially, an RFC is the most the claimant can do despite his or her limitations. *Id.* To assess an RFC, the ALJ must consider all of the claimant's medical impairments, including those that are not severe. 20 C.F.R. § 404.1545(a)(2). However, that an ALJ must consider the limiting effects of all severe and non-severe impairments does not require the inclusion of every non-severe impairment into the final RFC if the record indicates a non-severe impairment does not cause a significant limitation in the plaintiff's ability to work. *Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005) (finding the ALJ's decision not to include plaintiff's obesity in the final RFC determination was not in error where there was no evidence plaintiff's obesity caused any functional limitations); *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) (holding the ALJ could exclude plaintiff's depression from RFC where such depression was diagnosed as a mild impairment which presented no significant interference with plaintiff's ability to perform basic work-related activities).

Judge Grasham held that although the ALJ's finding that Plaintiff's mental impairments were non-severe was supported by substantial evidence in the record at step

two,[11] the ALJ erroneously failed to account for Plaintiff's mild mental impairments in formulating Plaintiff's RFC. Dkt. 22, at 24–26. Judge Grasham determined such error was harmless because the ALJ's findings that Plaintiff's mental impairments were not severe, and caused only minimal limitation on plaintiff's ability to work, were supported by substantial evidence in the record at step two of the sequential process. *Id*. at 26. As such, the ALJ erred only in the placement of her discussion of Plaintiff's mental impairments, but properly relied on substantial evidence in finding Plaintiff's mental impairments did not limit her ability to work. *Id*. at 24–27.

The Court agrees with Judge Grasham's general conclusion that the ALJ's failure to include non-severe impairments in Plaintiff's RFC constituted harmless error if the ALJ's finding that such impairments were non-severe was supported by substantial evidence at step two of the sequential process. *Medlock v. Colvin*, 2016 WL 6137399, at *5 (C.D. Cal. Oct. 20, 2016) ("Consideration of the 'limiting effects of all impairments' does not require the inclusion of every impairment into the final RFC if the record indicates the non-severe impairment does not cause a significant limitation in the plaintiff's ability to work.") (emphasis in original). However, here the ALJ's determination that Plaintiff's mental impairments were non-severe at step two was partially based on Dr. Sanford's

---

[11] Specifically, at step two in this case, after considering the medical and non-medical evidence, the ALJ assessed Plaintiff's mental impairments as non-severe. Dkt. 14-2, at 48 (AR 47) ("Because [Plaintiff's] medically determinable mental impairments cause no more than 'mild' limitations in any of the functional areas and the evidence does not otherwise indicate that there was more than a minimal limitation in her ability to do basic work activities, I find they are non-severe.") (emphasis in original).

opinion. AR 47.[12] Given the Court's finding that the ALJ committed reversible error in deeming Dr. Sanford's opinion persuasive in the absence of a supportability finding, the ALJ's determination that Plaintiff's mental impairments were non-severe must also be reconsidered.

Plaintiff's second objection is thus overruled in part and sustained in part. It is overruled to the extent Plaintiff contends the ALJ committed reversible error in failing to discuss Plaintiff's non-severe mental impairments in fashioning the RFC even if substantial evidence supported the ALJ's non-severity determination at step two of the sequential process. However, in light of the Court's holding regarding Dr. Sanford, the ALJ must reconsider whether Plaintiff's mental impairments are non-severe at step two of the sequential process. Plaintiff's objection is thus sustained with respect to the ALJ's assessment of the severity of Plaintiff's mental impairments.

On remand, the ALJ must reevaluate the medical opinion evidence and determine whether Plaintiff's mental impairments are severe or non-severe. In addition, to comply with the regulations and avoid further error, the ALJ shall consider Plaintiff's severe and non-severe impairments when assessing Plaintiff's RFC. 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe'. . . when we assess your [RFC].").

---

[12] The Administrative Record comprises Dkt. 14-2 through Dkt. 14-15 in the instant proceeding. Page one of the Administrative Record begins on Dkt.14-2, at 2, with the Bates Number clearly marked on the bottom right-hand corner of the page. Citations to the Administrative Record are delineated with "AR" and the appropriate Bates Number.

### C. Subjective Symptom Testimony

Finally, Plaintiff argues Judge Grasham erred in finding the ALJ adequately addressed Plaintiff's subjective complaints stemming from her fibromyalgia. Dkt. 25, at 3–4. The ALJ rejected Plaintiff's symptom complaints related to fibromyalgia because, *inter alia*, they were inconsistent with the opinion of Michael Spackman, M.D. AR 55–59. The ALJ also found Plaintiff's "fibromyalgia treatment in 2020-2021 was limited to oral medication management, e.g., low dose naltrexone." *Id*. at 58. Judge Grasham held these reasons were sufficient for the ALJ to discount Plaintiff's fibromyalgia-related subjective symptom complaints. Dkt. 22, at 34–37. The Court agrees.

The ALJ found Plaintiff's subjective symptom testimony was contradicted by the medical evidence, which consistently revealed "normal" examination signs and "no acute distress throughout the period at issue." AR 56–57. For instance, while Plaintiff testified that she had difficulty using her hands, could only lift a gallon of milk, could only stand for an hour at a time, and could only spend two hours on her feet per day, Dr. Spackman opined that Plaintiff could occasionally lift/carry up to 20 pounds and frequently lift/carry up to 10 pounds, sit/stand/walk up to two hours at a time, and sit up to eight hours total in an eight-hour workday. Dkt. 22, at 34–35. An ALJ may reject a claimant's subjective symptom testimony where, as Judge Grasham held here, substantial evidence supports the ALJ's credibility determination. *Id*.; *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008).

 Plaintiff does not challenge Judge Grasham's finding that Dr. Spackman's opinion undermined Plaintiff's subjective fibromyalgia symptom complaints. Dkt. 25, at 3–4. In

fact, in her Objections, Plaintiff does not specifically address Dr. Spackman's opinion at all. *Id*. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin*., 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)).

Plaintiff instead objects to Judge Grasham's finding that Plaintiff's subjective symptom testimony was inconsistent with Plaintiff's "conservative" fibromyalgia treatment and the fact that Plaintiff "did not receive any special cervical spine treatment during the period at issue." Dkt. 25, at 4. Plaintiff argues "it is unclear why a fibromyalgia diagnosis would be susceptible to treatment related to the cervical spine," and emphasizes "one of the criteria of fibromyalgia is the exclusion of other disorders that could cause the symptoms or signs.[13] *Id*. (citation omitted).

Regardless of whether the ALJ, and in turn, Judge Grasham, erred in finding Plaintiff's fibromyalgia "was directly related to her cervical spine issues," Plaintiff's own providers described her fibromyalgia medication as a "low-dose," and Plaintiff has not suggested her medication ever changed or increased. AR 46, 58. Moreover, in her Objections, Plaintiff does not challenge Judge Grasham's conclusion that Plaintiff received conservative treatment—solely a low-dose medication—for her fibromyalgia symptoms.[14] *Compare* Dkt. 22, at 36–37 *with* Dkt. 25, at 3–4. "[E]vidence of 'conservative treatment'

---

[13] The Commissioner explains the ALJ found Plaintiff's cervical complaints were made in the setting of fibromyalgia and that Plaintiff had received no cervical spine treatment. Dkt. 29, at 5.

[14] As the Commissioner previously noted, "it is clear what greater treatment for [Plaintiff's] fibromyalgia would be—anything more than the 'low dose' of her medication that her provider recommended." Dkt. 20, at 6.

is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)).

In short, because substantial evidence supports the ALJ's evaluation of Plaintiff's subjective symptoms stemming from her fibromyalgia, Plaintiff's third objection is overruled.

### D. Remand

Plaintiff requests that the Court remand for further administrative proceedings. Dkt. 25, at 4. Because the ALJ's error in failing to consider the supportability factor was not harmless with respect to Dr. Sanford, the Court finds further administrative proceedings are appropriate. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (remanding to ALJ to apply correct legal standard, hear any additional evidence if necessary, and resolve any remaining conflicts).

On remand, the existing medical opinion evidence in this case is complicated by the facts that: (1) "Dr. Sanford's opinion was issued on February 4, 2020—two months before Plaintiff's amended alleged onset date" and therefore "could only have been based on records that predated his opinion" (Dkt. 22, at 15–16); and (2) the ALJ's persuasiveness finding with respect to Dr. Dennis was partially based on the inconsistency between Dr. Dennis and Dr. Sanford's opinions, each of which lacked a supportability finding. AR 51; Dkt. 22, at 14–16. Given such issues, the ALJ should, if necessary, reopen the hearing to receive additional evidence.

MEMORANDUM DECISION AND ORDER - 17

## IV. CONCLUSION

In sum, Plaintiff's objections are sustained in part and overruled in part. The Court sustains Plaintiff's objection with respect to the ALJ's evaluation of Dr. Sanford's medical opinion, and finds the ALJ's failure to substantively address the supportability factor constituted reversible error with respect to Dr. Sanford. Given such error, the ALJ must reevaluate the medical opinion evidence and reconsider whether Plaintiff's mental impairments are severe or non-severe. Finally, the Court overrules Plaintiff's objection regarding Judge Grasham's purported error in finding the ALJ adequately addressed Plaintiff's subjective symptoms stemming from her fibromyalgia.

## V. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1. As outlined above, Plaintiff's Objections (Dkt. 25) to the Report (Dkt. 22) are **SUSTAINED in PART and OVERRULED in PART**;

2. The decision of the Commissioner of Social Security is **REVERSED**;

3. This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion;

4. This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2022);

5. Upon remand, the Appeals Council shall instruct the ALJ to: (1) further evaluate the medical opinions and prior administrative medical findings; (2) make specific findings regarding supportability and consistency with respect to the medical opinions referenced herein; (3) after correcting the error regarding Dr.

Sanford, reconsider whether Plaintiff's mental impairments are severe or non-severe at step two of the sequential process; (4) include Plaintiff's severe and non-severe impairments in the final RFC; and (5) offer Plaintiff the opportunity for a hearing, reopen the hearing to receive additional evidence should such course of action be deemed appropriate, and issue a new decision;

6. Plaintiff's unopposed Motion to Amend/Correct (Dkt. 16) is **GRANTED**.

DATED: April 19, 2024

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 19